This is an accelerated state's appeal from the Ottawa County Municipal Court's denial of a continuance in a jury trial.
On June 17, 1999, Thomas Kubitz was arrested for driving under the influence of alcohol, disorderly conduct, and no operator's license. Kubitz pled not guilty, demanded a jury trial and was held in lieu of bond.
Trial was set for July 27, 1999, at which point the state informed the court that it had been unable to obtain subpoena service upon a critical witness. As the state attempted to find the missing witness, the court proceeded with jury selection. When the panel was sworn, the state had still not found its witness. The state then moved for a continuance. When the court denied the continuance, the state moved to dismiss. The state also sought anticipatory leave to refile. The court granted the motion to dismiss, but, citing possible double jeopardy and speedy trial questions, refused to grant leave in advance of an actual motion to refile.
The state now brings this appeal, asserting, in a single assignment of error, that the trial court abused its discretion in refusing to grant its motion for a continuance. Appellee Kubitz did not file a brief in this matter.
As appellant properly notes, the decision of whether to grant a continuance rests in the sound discretion of the court.State v. Burke (1995), 73 Ohio St.3d 399, 407. Matters within the court's discretion will not be reversed upon appeal absent an abuse of discretion. An abuse of discretion is more than just an error of law or of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
The trial date for this case was originally set on July 8, 1999. The state, therefore, had two and one-half weeks to procure attendance of its witness. In our view, it is not unreasonable for a court which has provided adequate notice for a trial to expect all parties to be prepared to go forward with the trial. Since the court's decision denying a continuance was neither unreasonable, arbitrary nor unconscionable, it did not constitute an abuse of discretion. Accordingly, appellant's sole assignment of error is not well-taken.
Judgment of the Ottawa County Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 MELVIN L. RESNICK, J.
JUDGE
 JAMES R. SHERCK, J.
JUDGE
 RICHARD W. KNEPPER, P.J.
JUDGE CONCUR.